**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

BRIGHT IDADA FALODUN,

Petitioner-Appellant,

v.

UNITED STATES OF AMERICA,

Respondent-Appellee.

Crim. No. 01-380(1) (ADM/RLE)
Civil No. 04-4014 (ADM)

**MEMORANDUM AND ORDER**

---

**INTRODUCTION**

In 2002, Petitioner was convicted of multiple federal bank fraud offenses. He was later sentenced to 175 months in federal prison, and he is currently confined at the Federal Correctional Institution at Sandstone, Minnesota.

Petitioner's conviction and sentence were affirmed on direct appeal. United States v. Falodun, 84 Fed.Appx. 707 (8th Cir. 2003) (unpublished opinion). Thereafter, Petitioner brought a motion before this Court under 28 U.S.C. § 2255, in which he claimed that his sentence should be set aside pursuant to the Supreme Court's decision in Blakely v. Washington, 124 S.Ct. 2531 (2004). Petitioner's § 2255 motion was denied based on this Court's determination that Blakely is not retroactively applicable on collateral review. (Order dated October 25, 2004; [Docket No. 519].)

Petitioner has filed a Notice of Appeal seeking appellate review of the ruling on his § 2255 motion. (Docket No. 522.) His Notice of Appeal was accompanied by a request for a Certificate Of Appealability, ("COA"), which is required by 28 U.S.C. 2253(c). (Docket No. 521.) For the reasons discussed below, Petitioner's COA request will be GRANTED.

**DISCUSSION**

A federal prisoner is not permitted to appeal a final order denying a motion brought under 28 U.S.C. § 2255 without first securing a COA. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1). Federal district courts cannot grant a COA unless the prisoner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (emphasis added); see also, Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997).

A COA will not necessarily be granted simply because an appeal is pursued in good faith and raises a non-frivolous issue. Kramer v. Kemna, 21 F.3d 305, 307 (8th Cir. 1994) ("[g]ood faith and lack of frivolousness, without more, do not serve as sufficient bases for issuance of a certificate"). Instead, the prisoner must satisfy a higher standard; he must show that the issues to be raised on appeal are "debatable among reasonable jurists," that different courts "could resolve the issues differently," or that the issues otherwise "deserve further proceedings." Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir.), cert. denied, 513 U.S. 946 (1994), citing Lozado v. Deeds, 498 U.S. 430, 432 (1991) (per curiam); Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998). When a district court grants a COA, it is "inform[ing] the Court of Appeals that the petitioner presents a colorable issue worthy of an appeal." Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam). See also Slack v. McDaniel, 529 U.S. 473, 484 (2000) (granting a COA signifies that the issues raised "'deserve encouragement to proceed further'"), quoting Barefoot v. Estelle, 463 U.S. 880, 893, n. 4 (1983).

In this case, Petitioner is seeking appellate review of his claim that his sentence should be set aside pursuant to Blakely. As previously noted, this Court has concluded that Blakely does not apply to cases, such as this one, that became final on direct review before Blakely was decided. In

other words, Blakely is not retroactively applicable on collateral review.

The Court remains fully satisfied that Blakely is not retroactively applicable to Petitioner's case, and that Petitioner's § 2255 motion was therefore properly denied. However, the Court also recognizes that the Eighth Circuit Court of Appeals has not directly ruled on the issue of whether Blakely is retroactively applicable on collateral review.[1] Therefore, the Court will grant a COA for that particular issue.

## CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that Petitioner's application for a Certificate of Appealability, (Docket No. 521), is GRANTED for the following issue:

> Does the decision of the Supreme Court of the United States in Blakely v. Washington, 124 S.Ct. 2531 (2004), apply retroactively to collateral review of a conviction or sentence?

Dated: February 22, 2005

s/Ann D. Montgomery

ANN D. MONTGOMERY
United States District Court Judge

[1] The issue of whether Blakely is retroactively applicable on collateral review apparently is pending before the Eighth Circuit Court of Appeals in the case of United States v. Stoltz, (No. 04-3968). The Court of Appeals' decision in Stoltz presumably will ordain the outcome of the instant Petitioner's appeal.